UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ADENIRAN OYEBADE,     *Plaintiff*, | ) ) ) | |
| *vs.* | ) ) | 1:11-cv-00968-JMS-DML |
| BOSTON SCIENTIFIC CORPORATION,     *Defendant.* | ) ) ) | |

## ORDER

Defendant Boston Scientific Corporation ("Boston Scientific") filed a Motion to Dismiss or, Alternatively, for an Adverse Inference Instruction and, in Either Case, for an Order Requiring Plaintiff to Pay Defendant's Attorneys' Fees and Costs, [dkt. 74]. The Court denied Boston Scientific's motion to the extent that it sought dismissal, but referred the motion to the Magistrate Judge for determination of the appropriate level of sanctions, short of dismissal. [Dkt. 96.] The Court has now reviewed and considered the Magistrate Judge's Report and Recommendation regarding Boston Scientific's motion, [dkt. 109], and Mr. Oyebade's Objection to the Report and Recommendation, [dkt. 113].

## I.
### BACKGROUND

On September 12, 2012, in connection with one of the many discovery disputes that has arisen during this litigation, the Magistrate Judge issued a Report and Recommendation regarding Boston Scientific's Motion to Dismiss or, Alternatively, for an Adverse Inference Instruction and, in Either Case, for an Order Requiring Plaintiff to Pay Defendant's Attorneys' Fees and Costs. Specifically, the Magistrate Judge found that Mr. Oyebade engaged in the following discovery misconduct:

- Providing testimony and representations to the Court regarding his audio recording of an April 19, 2010 meeting with certain Boston Scientific em-

> ployees that are not believable, and engaging in spoliation of that audio recording, [dkt. 109 at 5-13];
>
> - "[I]mped[ing] and frustrat[ing] Boston Scientific's access to non-privileged information regarding [Mr. Oyebade's] service with the Navy, his efforts at naturalization, and the mental health issues relating to those matters," [*id.* at 16];
>
> - Not being forthright with the Court or Boston Scientific when he submitted a notebook for *in camera* review and, in a written submission, further misleading the Court regarding the notebook's true contents, [*id.* at 16-20];
>
> - Improperly withholding documents, [*id.* at 20-21]; and
>
> - Purposefully evading questions regarding other employment and consulting work he may have performed while employed by Boston Scientific, and falsely representing that he did not recall whether he engaged in such work, [*id.* at 22-23].

The Magistrate Judge concluded that Mr. Oyebade has engaged in a pattern of discovery abuse, and recommended certain sanctions short of dismissal. [*Id.* at 23-26.]

On October 1, 2012, Mr. Oyebade filed an Objection to Magistrate's "Order" Docket #109, [dkt. 113], in which he attempts to provide additional explanations for his discovery misconduct.

## II.
### STANDARD OF REVIEW

As noted above, the Court determined that a sanction of dismissal for Mr. Oyebade's discovery misconduct was not appropriate, but asked the Magistrate Judge to recommend appropriate sanctions short of dismissal. With that referral, Boston Scientific's motion was no longer dispositive in terms of ending Mr. Oyebade's case. However, the Seventh Circuit Court of Appeals has instructed that motions for sanctions, whether brought pre- or post-trial, are dispositive and a magistrate judge's report and recommendation regarding such a motion must be reviewed *de novo*. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996). A

district court, however, need only review *de novo* those portions of the magistrate judge's report and recommendation that have been properly objected to. Fed. R. Civ. P. 72(b)(3). Accordingly, the Court will apply the *de novo* standard to the issues raised by Mr. Oyebade in his Objection.

### III.
### DISCUSSION

In his Objection, Mr. Oyebade does not discuss how the Magistrate Judge erred, but rather either repeats arguments he has already made or offers new explanations for his conduct. While at times difficult to discern, it appears that Mr. Oyebade argues: (1) as to the audio recording of the April 19, 2010 meeting, that Boston Scientific itself has either destroyed or failed to produce "several video and audio recordings," [dkt. 113 at 3]; (2) that he never intended to record the April 19, 2010 meeting, [*id.* at 3-5]; (3) that the "simple fact that the [C]ourt could not understand [his] arguments does not make his statements or representations to be [sic] false or evasive," [*id.* at 4]; (4) that he "did not understand how to answer irrelevant questions about his military service," and "does not have the Navy documents requested," [*id.*]; and (5) that he did not understand how many pages of the notebook he was required to produce, nor that he was supposed to produce "blank irrelevant pages," [*id.* at 6].

At the outset, the Court notes that the Magistrate Judge was intimately familiar with the facts and history of this case – and particularly with the discovery disputes that have cropped up along the way – when considering sanctions appropriate for Mr. Oyebade's conduct. While the Court has applied a *de novo* standard of review in considering Mr. Oyebade's objections, it concludes that none are well taken and agrees with the Magistrate Judge's conclusions. First, the Court rejects Mr. Oyebade's explanation that any destruction of the April 19, 2010 audio recording should not be sanctioned because Boston Scientific allegedly destroyed or failed to produce video or audio recordings. Boston Scientific's conduct is wholly irrelevant to Mr. Oyebade's

conduct and, in any event, there is no evidence that Boston Scientific has engaged in such conduct.  Second, Mr. Oyebade's argument that he never intended to record the April 19, 2010 meeting lends itself to the conclusion that he did, in fact, record the meeting – which he has previously denied doing.  And evidence that he recorded the meeting supports the Magistrate Judge's conclusion that he destroyed the recording.  Third, Mr. Oyebade's assertion that the Court did not understand his arguments is without merit.  To the contrary, the Court understood his arguments as reflected in the Magistrate Judge's thorough and thoughtful analysis in the Report and Recommendation.  Rather, Mr. Oyebade's arguments have been contradictory, and the Court agrees with the Magistrate Judge's conclusion that they are also not believable.  Finally, fourth and fifth, the Court finds Mr. Oyebade's new arguments that he did not understand how to answer questions regarding his Navy service and did not understand which notebook pages he had to produce, disingenuous.[1]

Accordingly, Mr. Oyebade's Objection, [dkt. 113], is **OVERRULED**, and the Court adopts the Magistrate Judge's Report and Recommendation, [dkt. 109].  To the extent that Boston Scientific's Motion to Dismiss or, Alternatively, for an Adverse Inference Instruction and, in Either Case, for an Order Requiring Plaintiff to Pay Defendant's Attorneys' Fees and Costs, [dkt. 74], seeks sanctions other than dismissal, the Court **ORDERS** as follows:

1. The jury will be instructed that Mr. Oyebade had made an audio recording of the April 19, 2010 meeting and then destroyed it or failed to maintain it under circumstances that suggest that the contents of the recording would not be helpful in proving his claims in this litigation;

---

[1] The Court finds Mr. Oyebade's citation to 28 U.S.C. § 1927 and cases involving that statute irrelevant.  The Magistrate Judge recommended sanctions based on the Court's inherent power and Fed. R. Civ. P. 37, not under § 1927.  Additionally, the Court rejects any suggestion by Mr. Oyebade that he should not face sanctions because he is proceeding *pro se*.  Even *pro se* litigants are not "entitled to flout the rules of procedure…." *Chapman v. Charles Schwab & Co.*, 67 Fed. Appx. 953, 956 (7th Cir. 2003).

- 5 -

2. Mr. Oyebade is not permitted to present any evidence regarding the April 19, 2010 meeting, either at trial or for summary judgment purposes;

3. The jury will be instructed that Boston Scientific's evidence about the meeting must be accepted by the jury as accurate and uncontroverted, and the Court will deem it so for summary judgment purposes as well; and

4. Boston Scientific is entitled to an award of its reasonable attorneys' fees and expenses incurred to demonstrate and seek redress for Mr. Oyebade's discovery misconduct outlined in the Magistrate Judge's Report and Recommendation, and to bring those matters to the Court for resolution. Boston Scientific may submit its petition for these fees consistent with Local Rule 54-1.

Further, Mr. Oyebade is strongly cautioned that any additional discovery misconduct may result in the dismissal of his claims with prejudice.

12/21/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Joseph C. Pettygrove
FAEGRE BAKER DANIELS LLP - Indianapolis
joseph.pettygrove@FaegreBD.com

Daniel G. Wilczek
Faegre Baker Daniels LLP
Daniel.Wilczek@faegrebd.com

**Distribution via U.S. Mail:**

ADENIRAN OYEBADE
2910 Citrus Lane
Upper Marlboro, MD 20774